**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION**

**CIVIL ACTION NO. 04-418-JBC**

**DONALD WARE,**                                                                            **PLAINTIFF,**

**V.**                              **MEMORANDUM OPINION AND ORDER**

**SEABRING MARINE INDUSTRIES, INC.
AND KAYROUZ MARINE SERVICES, INC.,**                          **DEFENDANTS.**

**\* \* \* \* \* \* \* \* \* \***

This matter is before the court on the defendant Seabring Marine Industries'

("Seabring") motion to reconsider the court's order (DE 26) granting the plaintiff's

oral motion to compel the production of contact information for customers who

purchased the same boat owned by the plaintiff (DE 28) and the plaintiff's motion

for sanctions against the defendants for spoliation of evidence (DE 29).  The court,

having reviewed the record and being otherwise sufficiently advised, will deny

Seabring's motion and will grant the plaintiff's motion in part and deny it in part.

The plaintiff purchased a Monterey Bowrider 298 SS BR ("the boat") that

was manufactured by Seabring from the defendant Kayrouz Marine Services

("Kayrouz") on or about February 5, 2003.  One of the plaintiff's toes was

amputated on February 11, 2003, after a hatch on the boat closed on his foot.  The

complaint alleges that the boat was defective and unreasonably dangerous to

consumers; that the defendants breached express and implied warranties regarding

the condition of the boat; that the boat was negligently designed, manufactured,

fabricated, marketed, and distributed; and that the defendants failed to warn the

plaintiff of foreseeable hazards associated with the boat.

**Seabring's Motion to Reconsider**

At a scheduling conference on September 15, 2005, the plaintiff orally moved the court to compel production of a list of customers who purchased boats similar to the one that the plaintiff owned.  Seabring objected to the motion on the basis that no other customers had experienced problems with the hatch, and any information they could provide would therefore be irrelevant to this case.  The parties agreed to the court's resolution of the issue at that time and without briefing, and the court granted the plaintiff's motion.   Seabring now moves the court to reconsider that ruling.

A motion to reconsider is treated as a motion to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure.  *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 617 (6th Cir. 2002).  A Rule 59(e) motion may be granted where there is a clear error of law, newly discovered evidence, an intervening change of law, or to prevent manifest injustice.  *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).

In support of its motion to reconsider, Seabring argues that the facts offered in support of the plaintiff's motion to compel were incomplete and misleading, but Seabring does not point to any newly discovered evidence in opposition to the motion.  Seabring also asserts that compelled production of the names and contact information of other customers is not relevant and not likely to lead to the discovery of admissible evidence.  Seabring states that the manufacturing defect

claim is boat-specific, and other incidents are therefore irrelevant.  With regard to the design defect claim, Seabring reasons that, because the law deems it to have knowledge of the design and all relevant information, evidence that other customers experienced and reported similar accidents would not be relevant.  Seabring concedes that its knowledge of like occurrences would be relevant to a punitive damages claim.

Seabring raised its relevancy argument in the September 15, 2005, hearing. Reargument is not an appropriate purpose for a motion to reconsider.  *Davenport v. Corr. Corp. Of Am.*, 2005 U.S. Dist. LEXIS 22666, at *2-3 (E.D. Ky. Oct. 4, 2005).

In any event, the court finds that Seabring's arguments are unconvincing. Rule 26(b) of the Federal Rules of Civil Procedure entitles parties to discover the identity and location of persons having knowledge of discoverable matter. Discoverable matter is that which is not privileged and is relevant to a party's claim or defense.  Fed. R. Civ. P. 26(b).  Evidence is relevant if it tends "to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence."  Fed. R. Evid. 401.

The plaintiff intends to contact other purchasers to determine whether they experienced similar problems, whether they reported any problems to the dealer or to Seabring, and whether they were warned of any potential danger posed by the hatch.  This information is relevant, at a minimum, to the plaintiff's design defect claim.  In a design defect claim, "evidence of similar product failures under similar

3

conditions is relevant and admissible," because it tends to make the existence of a design defect more or less probable. *Montgomery Elevator Co. v. McCullough*, 676 S.W.2d 776, 783 (Ky. 1984) (*quoting Harris v. Thompson*, 497 S.W.2d 422, 429 (Ky. 1973)). Despite the fact that the manufacturer is presumed to have knowledge of the product's design and other inherent characteristics, the need to prove the existence of a dangerous condition and causation render such evidence relevant in product liability cases. *Id.* The court's ruling granting the plaintiff's motion to compel was therefore not a clear error of law or manifestly unjust, and the court will deny Seabring's motion to reconsider the September 15, 2005, order.

**The Plaintiff's Motion for Sanctions**

During the scheduling conference, the plaintiff raised the issue of spoliation of evidence. The plaintiff's action is based partially on his contention that the struts attached to the hatch were defective, because they failed to hold up the hatch. Seabring has maintained that the struts were not intended to hold open the hatch. Seabring replaced and discarded the struts on March 21 and 22, 2003. Seabring did not conduct any formal testing of the struts, although the employee who made the repairs to the boat apparently "hand checked" them and found them to be equally pressurized.

The plaintiff urges the court to impose evidentiary sanctions against the defendant, because the defendant discarded the struts that the plaintiff alleges were defective. The plaintiff requests a "missing evidence" instruction, exclusion of evidence regarding the safety of or tests conducted on similar struts,

disallowance of a defense relying on the plaintiff's lack of expert testimony regarding the design of the struts, and preclusion of testimony by the defendant's own design expert.  Kayrouz responds that the requested sanctions are not supported by Kentucky law and, in any event, testing of the struts is irrelevant because they were not intended to hold up the hatch.  Seabring contends that the plaintiff's motion is premature; that sanctions are not warranted, because the plaintiff was not prejudiced by the absence of the actual struts used on his boat at the time of the injury; and that the remedy for the loss of the evidence is limited to a missing evidence instruction.

Spoliation of evidence is not remediable unless it is prejudicial.  *See Tinsley v. Jackson*, 771 S.W.2d 331, 332 (Ky. 1989).  If the spoliation is prejudicial, then the court considers whether it should give a "missing evidence" instruction or whether the spoliator's "evidence should be limited, or even prohibited, to eliminate the prejudice resulting from the unavailablility of the exculpatory evidence."  *Id.* Where there is no bad faith and prejudice is minimal, courts prefer an adverse inference instruction over the exclusion of evidence or testimony.  *See generally* 102 A.L.R. 5th 99, §4 (2006).  Expert testimony based on inspection of inadvertently lost or destroyed evidence should be excluded where the other party is unable to rebut the testimony because of the loss.  *See generally id.*, §5.

Courts generally consider five questions in fashioning a remedy for spoliation problems: (1) Was the spoliation prejudicial?  (2) Can the spoliation be cured?  (3) How important is the missing evidence?  (4) Was the spoliating party acting in good

or bad faith?  (5) What is the deterrent effectiveness of the remedy compared with a lesser sanction?  *Id.*

Seabring's decision to discard the struts, even if merely negligent, is prejudicial to the plaintiff's manufacturing defect claim.  "The best way for the plaintiff to prove the defect is by ... testimony from an expert who examines the product after the accident, identifies the defect, explains what happened, and gives an opinion that the product was sold in a defective condition."  Ky. Prac. Tort Law, § 13.6 (2005).  Seabring's actions have precluded the plaintiff from pursuing this avenue of proof.  The plaintiff is limited to the use of circumstantial evidence and a video of the operation of the hatch to prove that the struts were in an unreasonably dangerous condition.  The court finds that, in light of the lack of bad faith by Seabring and the availability of alternate methods of proof, a "missing evidence" instruction, allowing an inference adverse to the defendants, is both appropriate and sufficient.

The inability to examine the actual struts that were used on the plaintiff's boat is less prejudicial to the design defect claim.  A design defect claim challenges "the inherent nature of the product itself."  Ky. Prac. Tort Law § 13.7.  Unlike in a manufacturing defect case, comparison to other (properly produced) products is not implicated.  *Id.*

The plaintiff argues that evidence regarding allegedly similar or identical struts should be excluded, because the original struts are unavailable, and there is no way to determine whether the struts that were supposed to be used on the

6

plaintiff's boat were actually used.  For the same reason, the plaintiff suggests that the defendants should be precluded from relying on their own design expert's testimony or on the plaintiff's lack of a design expert.  This argument is unpersuasive.  The court expects that the video of the hatch will verify whether the intended struts were used on the particular boat purchased by the plaintiff.  The design defect claim is not product-specific, and the loss of evidence therefore does not preclude the plaintiff from rebutting evidence or expert testimony regarding the safety of the design.  Accordingly,

IT IS ORDERED that Seabring's motion to reconsider the court's September 15, 2005, order granting the plaintiff's oral motion to compel (DE 28) is **DENIED**, and Seabring is compelled to produce the name, phone number, and mailing address of every customer who purchased a Monterey Bowrider 298 SS BR prior to February 11, 2003, the date of the plaintiff's injury.  The court will not impose limitations on how that contact should be made, notwithstanding Seabring's request for such limitations.

IT IS FURTHER ORDERED that the plaintiff's motion for sanctions against the defendants to remedy the spoliation of evidence (DE 29) is **GRANTED IN PART** and **DENIED IN PART**.  The motion is **GRANTED** in that the court will include a "missing evidence" instruction in its instructions to the jury.  It is **DENIED** in that the defendants will not be precluded from introducing evidence and expert testimony regarding the performance of other struts of the same type used on the plaintiff's boat for the purpose of defending against the design defect claim.

Signed on March 6, 2006

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY